JS 44 CAND (Rev. 12/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GERARD LAMAESTRA

### DEFENDANTS
BERTRAND MANAGEMENT GROUP, LLC, STEVE TAYLOR, and DOES 1 through 20, inclusive

**(b)** County of Residence of First Listed Plaintiff  **CONTRA COSTA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **SAN BERNARDINO**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Delta Law Group, A Professional Law Corporation
Jim G. Price, Esq., #119324, P.O. Box 1417, Brentwood, CA 94513;
Telephone: 925-516-4686

Attorneys *(If Known)*  **JSC**

E-filing

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

ADR

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / **Habeas Corpus:** | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | / ☐ 555 Prison Condition | | | |
| | ☐ 448 Education / ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
11 U.S.C. Section 1692 et seq.

Brief description of cause:
Violation of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** TBD

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*

☒ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE  ☐ EUREKA

DATE  5/15/12

SIGNATURE OF ATTORNEY OF RECORD

```
DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA  94513
TELEPHONE:  925-516-4686
FACSIMILE:  925-516-4058

Attorneys for Plaintiff
GERARD LAMAESTRA
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD LAMAESTRA, | Case No. CV 12 2553 |
| Plaintiff, | **VERIFIED COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| BERTRAND MANAGEMENT GROUP, LLC, STEVE TAYLOR, and DOES 1 through 20, inclusive, | |
| Defendants. | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA),

the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff's mother-in-law.

3. Venue is proper in this district because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff GERARD LAMAESTRA ("Plaintiff") is a natural person who resides in the City of Brentwood, County of Contra Costa, State of California and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person affected by a violation of the FDCPA with standing to bring a claim under 15 U.S.C. §1692k.

5. Defendant BERTRAND MANAGEMENT GROUP, LLC (hereinafter "Defendant BERTRAND") is a Delaware limited liability company and a collection agency operating from an address of 2910 S. Archibald Avenue, Suite A680, Ontario, CA 91761, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant STEVE TAYLOR (hereinafter "Defendant TAYLOR") is a natural person who was employed at all times relevant herein by Defendant BERTRAND as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

7. Sometime around 2011, Plaintiff's mother-in-law incurred a financial obligation that was primarily for personal, family, or household purposes, which subsequently went into default, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

8. Sometime thereafter the debt was cosigned, placed or otherwise transferred to Defendants for collection from Plaintiff's mother-in-law.

9. In or around October 2011, Defendant BERTRAND contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).

## OCTOBER & NOVEMBER 2011 COLLECTION CALLS

10. In or around October 2011, Defendant BERTRAND called Plaintiff on numerous occasions about his mother-in-law's debt. Then in November 2011, the calls intensified. On Saturday during the week of November 13, 2011, a collector by the name of "Mary" called and told Plaintiff that she had papers to serve him. She told him we need to know when you are going to be home. We have two sheriffs coming out there.

11. During the week of November 21, 2011, Defendants called Plaintiff or his wife almost every day for four days

telling them they had made Plaintiff's mother-in-law an offer to settle but she has not so they have court papers.

12. Then during the week of Thanksgiving on November 22, 2011, Defendant Steve Taylor, a collector called Plaintiff, his brother, his sister, and Plaintiff again, all in one day. Defendant TAYLOR told them they had made Plaintiff's mother-in-law an offer but she has not resolved the matter.

13. During the first telephone conversation Plaintiff had with Defendants, Plaintiff told the collector that his mother-in-law lives on his property. Yet, Defendant BERTRAND and its collector persisted in calling Plaintiff and telling Plaintiff that his mother-in-law needs to resolve the matter. In one call Defendant BERTRAND told Plaintiff it would take him to court. During another call, Defendant BERTRAND's collector told Plaintiff it needs to serve papers on him for his property on Eagle Lane, implying it was going to put a lien on Plaintiff's property.

14. This was not Plaintiff's debt.

15. This collection call on this occasion was a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692d, 1692e, 1692e(2), 1692e(10), and 1692f, amongst others.

### SUMMARY

16. All of the above-described collection communications made to Plaintiff by Defendant BERTRAND and other collection

employees employed by Defendant BERTRAND, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the aforementioned provisions, amongst others.

17. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was an invasion of Plaintiff's privacy by an intrusion upon seclusion and by violating Plaintiff's right to be let alone and has resulted in actual damages to this Plaintiff.

18. This series of abusive collection calls by Defendant BERTRAND and Defendant TAYLOR and other collection employees caused Plaintiff emotional distress.

19. Defendants' repeated attempts to collect this debt from Plaintiff, a person whom did not owe this debt, was an invasion of Plaintiff's state law right of privacy and his right to be left alone.

20. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused Plaintiff and his mother-in-law unnecessary personal strain in their relationship with each other.

21. Plaintiff has suffered actual damages as a result of these illegal collection communications from these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as

suffering from unjustified and abusive invasions of personal privacy.

## RESPONDEAT SUPERIOR LIABILITY

22. The acts and omissions of Defendant TAYLOR, and the other debt collectors employed as agents by Defendant BERTRAND who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant BERTRAND.

23. The acts and omissions by Defendant TAYLOR and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant BERTRAND in collecting consumer debts.

24. By committing these acts and omissions against Plaintiff, Defendant TAYLOR and these other debt collectors were motivated to benefit their principal, Defendant BERTRAND.

25. Defendant BERTRAND is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and California tort law, in their attempts to collect this debt.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

VERIFIED COMPLAINT                                                    Page 6

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

29. As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each and every Defendant herein.

### COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

31. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt

Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a)(emphasis added).

32. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

33. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly contacting him to pay this debt which he did not owe, and making false threats of legal action against his mother-in-law, and thereby invading Plaintiff's right to privacy and to be let alone.

34. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

35. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

36. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy against Plaintiff by these Defendants which occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

37. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## §§ 1788-1788.32 (RFDCPA)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

40. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00

pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff.

### COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions

of privacy in an amount to be determined as trial and for Plaintiff, and

- for such other and further relief as may be just and proper.

## COUNT III

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

- for an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against each and every Defendant and for Plaintiff.

DATED: December 20, 2011     Respectfully submitted,

DELTA LAW GROUP

BY: _____
JIM G. PRICE
Attorneys for Plaintiff
GERARD LAMAESTRA

VERIFIED COMPLAINT                                      Page 11

**VERIFICATION**

I, GERARD LAMAESTRA, declare:

I am the Plaintiff in this action. I have read the foregoing document entitled: **VERIFIED COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _16_ day of December, 2011, at Brentwood, California.

GERARD LAMAESTRA